[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action for damages in a landlord-tenant dispute has been tried to the court. The parties agree that judgment must enter for the plaintiff. Their dispute focuses on certain items of damages.
Gerald Gallichio, the plaintiff, owns a small apartment building in Wallingford. On April 1, 1996, he rented one of the apartments to the defendant, Ambduleah Shehaden. The parties signed a written lease (Ex. 1), to which much reference will be made. The lease ran from April 1, 1996 to March 31, 1997. It is undisputed that Shehaden vacated the apartment on December 16, 1996. Gallichio rented it to a new tenant on February 1, 1997. Shehaden agrees that he owes rent and a late fee for the month of January 1997. The parties disagree on whether Shehaden paid the rent for the month of December 1996. The contest on this point was purely testimonial, and Gallichio was the more credible witness. The Court finds that Shehaden owes rent and late fees under the lease for two months. These amounts come to a total of $980.
The Court additionally finds that Gallichio reasonably expended $29.63 on gas for the apartment during the period of its vacancy and $19.21 for electricity for the same period. The $65 that he claims for newspaper advertising of the vacancy to mitigate his damages is also reasonable. In addition, he spent $16.94 on insecticide (the apartment was left in deplorable condition) and $25.71 on a locksmith's service. All of these sums are reasonable and awarded as damages.
Other damages that Gallichio claims are more problematic. He claims money spent to purchase film to record the apartment's condition. The lease (which Gallichio wrote) does not call for reimbursement of an expenditure of this description, and it is not awarded.
Gallichio additionally claims sums for a new carpet. While the evidence, as mentioned, shows that the apartment was left in deplorable condition, Gallichio's own testimony shows that the old carpet had been in place for about 20 years and was at the end of its useful life. This item of damages is not awarded.
The next controversy focuses on the stove and refrigerator. Shehaden gave Gallichio a $400 security deposit. The lease states that Gallichio "may deduct from my security deposit up to . . . $150 . . . to clean the stove or defrost the CT Page 1033 refrigerator." The stove was never cleaned because it was thrown out, but Gallichio spent several hours defrosting the refrigerator, which was left in disgusting condition. Gallichio is entitled to deduct $150 from the security deposit for this chore.
Gallichio did not incur damages in cleaning the apartment. He wishes to be paid for his time spent in cleaning the apartment himself, but the lease contains no such provision. It bears repeating that Gallichio wrote the lease, or at least presented it to Shehaden as a contract of adhesion. If Gallichio had wished to insert such a provision in the lease, he was free to do so. He did not. This item of damages is not allowed.
Gallichio finally claims attorney's fees and costs. (The lease charges the tenant with reasonable legal fees.) His legal fees total $3,949.50. While this is a high number for what turns out to be a modest amount of damages, the file amply demonstrates that this has not been an ordinary case. Shehaden has fought it at every step of the way for two and a half years, and Gallichio has had little choice but to incur bills for many hours spent by his attorney. The requested attorney's fees are found to be reasonable. As to costs, Gallichio should file a bill of costs in the usual course.
In summary, Gallichio is awarded the following damages: Rent and late fees — $980; gas — $29.63; electricity — $19.21; advertising — $65; insecticide — $16.94; locksmith — $25.71. These items come to a total of $1,136.49. As mentioned, there was a security deposit of $400, which must be reduced by $150 for defrosting the refrigerator. To the remaining security deposit of $250, the Court must add $90.69, which the parties agreed was accumulated interest on the deposit. This amount ($340.69) must be deducted from the previous total of $1,136.49. Damages are consequently awarded to the plaintiff in the amount of $795.80 plus costs.
As mentioned, the Court additionally awards reasonable legal fees of $3,949.50.
Jon C. Blue Judge of the Superior Court CT Page 1034